UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CLIFTON EARL LEWIS, III,**

    **Plaintiff,**

**v.**                                              **Case No: 6:23-cv-527-WWB-UAM**

**UNITED STATES OF AMERICA,**

    **Defendant.**

### ORDER

This Federal Tort Claims action arising out of an automobile accident involving a postal vehicle is before the undersigned upon referral of Plaintiff's motion to reopen discovery for the limited purpose of taking trial depositions of medical professionals. (Doc. 71). The United States has responded in opposition. (Doc. 74). For the reasons explained below, Plaintiff's motion is due to be denied.

    **I.**    **Background**

This Federal Tort Claims Act case arises out of an accident involving a vehicle operated by the United States Postal Service. Discovery closed on August 30, 2024. The parties have filed their Joint Final Pretrial statement (Doc. 66), and the Pretrial Conference was held before the Court on February 11, 2025. The case is set for a bench trial on September 22, 2025. (Doc. 73).

At this late stage, however, Plaintiff has filed a motion to reopen discovery for the limited purpose of taking "trial depositions of medical professionals." (Doc. 71 at 1). Plaintiff recites, "[f]or the sake of efficiency at trial," Plaintiff would like to use the intervening months

prior to trial to take "depositions of medical professionals for presentation at trial." Citing "judicial efficiency," Plaintiff suggests the depositions could be presented to the Court "in lieu of live appearances of the medical professionals." (Doc. 71 at 1-2). Plaintiff argues that presentation of the deposition testimony would allow a "more streamlined bench trial." (Doc. 71 at 2). Defendant United States opposes this request on numerous grounds. (Doc. 74).

For context, Plaintiff does not identify the proposed deponents but describes them generally as "medical professionals." Defendant asserts without contradiction that the proposed deponents are all of Plaintiff's expert witnesses. (Doc. 74 at 2).

## II. Discussion

Upon consideration of the parties' arguments and the overall circumstances, the undersigned finds that the objections raised by Defendant are meritorious and that Plaintiff's motion should be denied.

### A. Inadmissibility

First, Plaintiff's motion should be denied because it is an exercise in futility. The depositions Plaintiff wishes to take at this stage of the litigation would be inadmissible at the bench trial. Here, Plaintiff contemplates taking the depositions of "medical professionals," but concedes that the witnesses are available. Plaintiff states he "will subpoena the witnesses for the September trial setting," should the motion be denied. (Doc. 71 at 3). Plaintiff recites that he "does not anticipate that any of the witnesses will be absent and neither party has procured their absence from trial. To the contrary, the witnesses were available for trial on March 3, 2025, and will be available in September 2025 if this Motion is denied." (Doc. 71 at 4).

It is not uncommon for parties to attempt to present depositions at trial in lieu of live testimony, however, that practice is typically inappropriate when the witness is available to testify. The Federal Rules of Civil Procedure provide explicit guidance on when deposition testimony may be used in lieu of live testimony. Rule 32 expressly governs "[u]sing [d]epositions in [c]ourt [p]roceedings." Fed. R. Civ. P. 32. It is important to note that live witness testimony is preferred to depositions. *See Kraese v. Jialiang Qi*, No. CV417-166, 2020 WL 4016250, at *2 (S.D. Ga. July 16, 2020), citing *McDowell v. Blankenship*, 759 F.3d 847, 852 (8th Cir. 2014); *see also, e.g., Banks v. Yokemick,* 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live."); *Bobrosky v. Vickers*, 170 F.R.D. 411, 413 (W.D. Va. 1997) ("Rule 32 assumes that under normal circumstances the deposition of a witness will not be used at trial in lieu of that witness's live testimony."). Put succinctly, "[i]f it is desired to use the deposition of a person other than an adverse party for substantive evidence ... the conditions of Rule 32(a)(4) must be satisfied." *See* 8A RICHARD L. MARCUS, FED. PRAC. & PROC. CIV. § 2146 (3d ed. 2020).

Under Rule 32(a)(4), a party may use a deposition for "any purpose" if the witness is deemed "unavailable." A witness may be "unavailable" for purposes of Rule 32 if he "is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B). Rule 32 provides other grounds for unavailability, such as if the witness is dead, cannot attend or testify because of "age, illness, infirmity, or imprisonment," or "that exceptional circumstances make it desirable – in the interest of justice and with due regard to the importance of live testimony in open court – to permit the deposition to be used." Fed. R. Civ. P. 32(a)(4). This "catch all" provision is what Plaintiff apparently relies upon here,

arguing that the prerecorded testimony would be more efficient and would streamline the bench trial.

As Defendant argues, however, a party's belief that recorded testimony would be more efficient is absent from the list of grounds for unavailability listed in Rule 32. Further, courts have rejected this argument in similar circumstances involving witnesses in the medical profession. "A physician's extremely busy schedule is an insufficient justification for finding exceptional circumstances." *Marshall v. Wal-Mart Stores E., LP,* No. 8:20-cv-1835-CEH-SPF, 2022 WL 2111056, at *1 (M.D. Fla. Jan. 4, 2022). Conflicting patient appointments are not sufficient to make doctors unavailable. *Lorenzano v. Sys., Inc.,* No. 6:17-cv-422-Orl-37DCI, 2018 WL 11344851, at *2 (M.D. Fla. Aug. 13, 2018). Further, a treating doctor's refusal to attend trial in violation of a subpoena is not exceptional. *See Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 962-64 (10th Cir. 1993).

Notably, this Court and others have specifically rejected similar requests in bench trials involving Federal Tort Claims Act cases. *See Spencer v. United States*, No. 6:17-cv-887-Orl-41TBS, 2019 WL 2287962, at *1-2 (M.D. Fla. May 29, 2019)(denying motion to take videotaped deposition of doctor to use at trial); *Whyte v. USPS,* 280 F.R.D. 700, 700-01 (S.D. Fla. 2012)( denying motion to use deposition of a plaintiff's treating doctor at trial); *Triolo v. United States*, No. 3:18-cv-919-J-34JBT, 2020 WL 13389808, at *1 (M.D. Fla. Aug. 18, 2020)(denying motion to take videotaped deposition of doctors to use at trial). As Defendant accurately points out, one court reasoned, "the Federal Rules make clear that live testimony is important—with no exceptions made for doctors or for bench trials." *Whyte*, 280 F.R.D. at 701.

Here, Plaintiff represents that the witnesses are available, will be subpoenaed, and are expected to be testify at the trial in September. Absent any basis for exceptional circumstances under Rule 32(a)(4), the undersigned finds that Plaintiff's request is due to be denied.

### B. Untimeliness

Defendant asserts several other arguments in opposition to Plaintiff's motion, including that the depositions contemplated by Plaintiff should have been taken during discovery because "there is no such thing" as a "trial" deposition in federal court (Doc. 74 at 3), citing *Marshall v. Rice*, 211 F.R.D., 680, 681 (M.D. Fla. 2002). Defendant further argues that Plaintiff's desire to reopen discovery is untimely, lacks good cause or excusable neglect, and would prejudice the Government. The undersigned agrees.

Discovery closed more than five months ago, and Plaintiff only made this request after the Pretrial Statement was filed, after the Pretrial Conference was conducted, and after this case was set for a trial date in September 2025. As Defendant contends, Plaintiff offers no explanation why this request came so late. Indeed, Defendant points out that Plaintiff's motion to present trial testimony through communication technology was denied in December. (Doc. 60). Notably, on September 9, 2024, in denying Plaintiff's motion to strike, the Court specifically stated, "all matters related to discovery are now closed." (Doc. 44). Plaintiff's request is untimely.

### C. Prejudice

Defendant also argues that allowing the proposed depositions would be prejudicial to the Government because it would result in Plaintiff trying the case piecemeal over time through his expert's depositions, allowing for conferral between depositions. Defendant argues "[i]t need not accept the proposed disjointed, out-of-court testimony because [Plaintiff]

finds it more convenient." (Doc. 74 at 7). Defendant also objects due to the likelihood of delay and impact on proceedings, as well as the likely impact to deadlines for Daubert and pretrial filings. Defendant asserts that it made intentional strategic decisions during discovery. If the proposed depositions had occurred during discovery, the Government may have taken discovery on additional matters such as the witnesses' financial dealings and bias. Rather, the Government "made a conscious decision its defense was best served by leaving discovery as is." (Doc. 74 at 7). Indeed, it is difficult to imagine a scenario in which allowing the proposed depositions would not result in significant delay to the currently established trial schedule and deadlines.

In addition to these factors, the undersigned observes that in bench trials where the Court is in the role of fact finder, it is not uncommon for the Court to ask its own questions or follow up questions of testifying witnesses. This practice can inform the Court in its role as fact finder, as does the presence of witnesses providing live trial testimony.

For the above reasons, and with due regard to the importance of live testimony, the undersigned finds that Plaintiff's motion is due to be denied.

### III. Conclusion

Accordingly, upon due consideration, Plaintiff's motion to reopen discovery for the limited purpose of taking trial depositions of medical professionals (Doc. 71) is DENIED.

**DONE** and **ORDERED** in Ocala, Florida on March 24, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

c: Counsel of Record
Unrepresented Parties